**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF OREGON**

| | |
|---|---|
| **UNITED STATES OF AMERICA**, | Case No. 3:19-cr-00402-SI |
| v. | **ORDER** |
| **THOMAS A. RENNIE**, | |
| Defendant. | |

**Michael H. Simon, District Judge.**

Defendant Thomas A. Rennie moves the Court under 18 U.S.C. § 3582(c)(1)(A)(i) to reduce his sentence to time served, with the remainder of his sentence in the equivalent of community corrections through modification of the conditions of supervised release to require residence in a reentry center followed by home confinement. ECF 37. According to the Bureau of Prisons (BOP), Mr. Rennie's projected release date is May 23, 2022. Although Mr. Rennie has satisfied the exhaustion requirement under the statute, the Government opposes Mr. Rennie's motion on the merits. Because Mr. Rennie has not demonstrated extraordinary and compelling reasons for his release and a reduction in his 12-month sentence of imprisonment would undermine the sentencing factors identified by Congress in 28 U.S.C. § 3553(a), the Court denies Mr. Rennie's motion.

A federal district court generally "may not modify a term of imprisonment once it has been imposed[.]" 18 U.S.C. § 3582(c); *see also Dillon v. United States*, 560 U.S. 817, 824-25 (2010). Under 18 U.S.C. § 3582(c)(1)(A), Congress provided an exception, commonly known as "compassionate release," to reduce a defendant's sentence when there are "extraordinary and compelling reasons." Under the original statute, only the Director of the Bureau of Prisons (BOP), acting on a defendant's behalf, could file a motion for sentence reduction under § 3582(c)(1)(A). *See United States v. Aruda*, 993 F.3d 797, 799 (9th Cir. 2021).

In the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5191 (2018), Congress amended § 3582(c)(1)(A) to allow a defendant, after first requesting the BOP to move for a sentence reduction on the defendant's behalf, directly to ask the district court for a reduction in sentence. In relevant part, that statute reads:

> [T]he court, . . . upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment . . . after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> (i) Extraordinary and compelling reasons warrant such a reduction;
>
> \*    \*    \*
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission[.]

18 U.S.C. § 3582(c)(1)(A).

The United States Sentencing Commission's policy statements identify categories of extraordinary and compelling reasons, including the defendant's age, medical condition, and family circumstances. U.S.S.G. § 1B1.13 app. n.1(A)-(C). The Sentencing Commission's policy

statements, however, only apply to motions under § 3582(c)(1)(A) filed by the BOP Director on behalf of a defendant. *See Aruda*, 993 F.3d. at 802. On a defendant's direct motion for compassionate release, the policy factors "may inform a district court's discretion . . ., but they are not binding." *Id*. (citation omitted). As a result, a district court may consider any extraordinary and compelling reason for release that a defendant raises. *Id*. As discussed below, the risk of contracting COVID-19 in federal prison generally does not constitute an extraordinary and compelling reason to reduce a defendant's sentence, although a district court must still consider a defendant's specific medical and physical conditions.

Mr. Rennie is 59 years old and has serious underlying medical conditions. He also has been fully vaccinated against COVID-19. Mr. Rennie is currently serving his sentence at the Federal Correctional Institution in Sheridan, Oregon (FCI Sheridan). As of November 1, 2021, FCI Sheridan has four inmates and three staff members currently testing positive for COVID-19 and 231 inmates and 18 staff having previously recovered from COVID-19. Two inmates there have died from COVID-19. *See* https://www.bop.gov/coronavirus/ (last visited Nov. 1, 2021).

The Ninth Circuit, however, has made clear that pre-existing medical conditions that add an increased risk of complications from COVID-19 do not necessarily present "extraordinary and compelling" circumstances warranting compassionate release, even when a defendant is housed in a facility where inmates have tested positive for COVID-19. *See United States v. Higgins*, 849 F. App'x 215 (9th Cir. 2021); *United States v. Dixon*, 848 F. App'x 332 (9th Cir. 2021); *United States v. Alvarado*, 841 F. App'x 31 (9th Cir. 2021); *United States v. Wheeler*, 837 F. App'x 542 (9th Cir. 2021); *United States v. Gipson*, 829 F. App'x 780 (9th Cir. 2020); and *United States v. Mortensen*, 822 F. App'x 634 (9th Cir. 2020).

In addition, as the Seventh Circuit has recently stated:

> But for the many prisoners who seek release based on the special
> risks created by COVID-19 for people living in close quarters,
> vaccines offer relief far more effective than a judicial order. A
> prisoner who can show that he is unable to receive or benefit from
> a vaccine still may turn to this statute, but, for the vast majority of
> prisoners, the availability of a vaccine makes it impossible to
> conclude that the risk of COVID-19 is an "extraordinary and
> compelling" reason for immediate release.

*United States v. Broadfield*, 5 F.4th 801, 803 (7th Cir. 2021).

Finally, Mr. Rennie's release would undermine the sentencing factors listed in 18 U.S.C.

§ 3553(a). The nature of his underlying offense is significant. On November 18, 2020, the Court

sentenced Mr. Rennie to serve a 12-month sentence of imprisonment for tax evasion, in violation

of 26 U.S.C. § 7201. ECF 30. The sentence ordered by the Court was necessary to reflect the

seriousness of this offense, promote respect for the law, provide just punishment for the offense,

and afford adequate deterrence to future criminal conduct.

Because compassionate release is not warranted in this case, the Court DENIES

Defendant's Motion to Reduce Sentence Pursuant to U.S.C. § 3582(c)(1)(A)(i). ECF 37.

**IT IS SO ORDERED.**

DATED this 1st day of November, 2021.

/s/ *Michael H. Simon*
Michael H. Simon
United States District Judge